COMMONWEALTH *vs.* JACOB H. ADAMIAN & others.

Middlesex.    March 3, 1925. — April 16, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Fraudulent Packing for Sale.*

A defendant, charged with a violation of G. L. c. 94, § 305, in placing rock, slate and shale in bags of coal with intent to defraud, cannot excuse himself by proving that he packed the coal in bags and sold it, without sorting, in the same condition in which it came to him, if he did so with intent to defraud.

At the trial of an indictment of the character above described, there was evidence tending to show that the defendant, without sorting, placed in bags and sold the so called coal just as it came to him from the mines; that he sold it wet and that when wet it looked more like coal than when not wet; that the percentage of foreign substance in the coal ran as high as seventy per cent; that purchasers were unable to burn it, and that the defendant knew of its poor quality. *Held*, that a finding of guilty was warranted and that it was proper to refuse to order a verdict for the defendant.

INDICTMENT, found and returned on March 12, 1923, charging the defendants with packing bags of coal in which were placed rock, slate and shale with intent to defraud.

In the Superior Court, the indictment was tried before *Hammond*, J. Material evidence is described in the opinion. On the question of intent to defraud, there was in evidence testimony of purchasers as to their inability or difficulty in burning the "coal," of experts as to the large quantities of rock, slate, and shale found therein; the price per ton, $7 to $9, which the defendants paid for the coal, and the price at which it was sold, twenty-five to twenty-seven cents per

twenty-five pound bag; the great scarcity of coal at the time; the fact that all the coal was put in one pile without sorting; the knowledge of the defendants that it was poor coal as stated by them to a police officer; the fact that some of the coal was all wet and that the substance sold by the defendants looked more like good coal when wet than when dry; and testimony that the defendants in speaking of the coal sold to one purchaser said: "This is better than the last," whereas it was worse.

At the close of the evidence, the defendants moved that a verdict be ordered in their favor. The motion was denied. It was agreed by the parties that the judge's charge "was adequate and correct in every respect." The defendants were found guilty and alleged exceptions.

*J. H. Hurley,* for the defendants.

*R. T. Bushnell,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendants were found guilty on an indictment charging them with packing bags with coal, in which were placed rock, slate and shale with the intent to defraud. G. L. c. 94, § 305, provides that whoever with intent to defraud or injure in baling or packing in any container any commodity sold by weight "including . . . therein any substance foreign to the contents thereof shall be punished . . . ." By G. L. c. 94, § 240, coal is required to be sold by weight. The defendants' motion for a directed verdict was denied, to which ruling they excepted.

There was evidence that the coal, packed in twenty-five-pound bags and sold by the defendants, contained a large amount of rock, slate and shale — in one sample of the coal there was six and a half pounds of coal and eighteen and a half pounds of shale; that rock and bone were found in some of the samples and different samples contained seventy-five, sixty-two and seventy per cent of shale; that the defendants placed the material in the bags as it came from the mines; that nothing was mixed with it by them.

The fact that the defendants packed the coal in bags and sold it in the same condition as it came to them did not excuse them, if they did this with the intent mentioned in the

statute.  There was evidence that the coal was placed by them in the bags for sale, and if this coal contained foreign substances when they bought it they could be found guilty if this compound was placed in the container with a fraudulent purpose.  The purpose of the Legislature in passing this statute was to protect the public by prohibiting the placing of a foreign substance in any commodity, sold by weight in a container, with the intent to defraud or injure.  It could have been found that the defendants knew the substance they bought contained but a small percentage of coal, and a large amount of foreign substance; that this material was placed in bags and sold to the public.  The intent of the Legislature was to prevent the fraudulent act of placing in containers substances partly genuine and partly foreign, and it was not essential for the Commonwealth to prove that the defendants, themselves, mixed with the coal they purchased, the foreign substances.

The offence was committed if the adulterated mixture was placed in containers with a fraudulent intent, although the materials were mingled before the mixture reached the defendants.  The jury could find that rock, shale and slate, as was testified to by witnesses, were substances foreign to coal; they could find this part of the offence was proved.  The fraudulent intent could be inferred from all the circumstances disclosed by the evidence.  *Commonwealth* v. *Nickerson,* 5 Allen, 518, 520.  Witnesses testified that the coal would not burn, others testified that difficulty was found in making it burn.  It was not sorted, in some instances it was wet and it appeared that the substance more nearly resembled good coal when wet.  There was a large amount of foreign substance in the mixture.  These facts, together with the admissions of the defendants and all the circumstances shown would justify a jury in finding that in packing the material in bags for sale as coal, they acted with fraudulent intent.

*Exceptions overruled.*